
FILED
AUG 14 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KELLY CAPITAL, LLC and
KELLY ESCROW FUND V, LLC,

    Plaintiffs and Counterclaim
    Defendants,

v.                                              Civil Action No. 3:10cv728

S&M BRANDS, INC.,

    Defendant and Counterclaim
    Plaintiff,

v.

SEI PRIVATE TRUST COMPANY,
as Trustee of the SEI Private Trust,

    Counterclaim Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the Plaintiff ("Kelly") and Counterclaim Defendant SEI Private Trust Company's ("SEI") MOTION TO ALTER JUDGMENT PURSUANT TO RULE 59(e) (Docket No. 160). For the reasons that follow, the motion will be granted in part and denied in part. Kelly and SEI's request for the amendment of the language in the Declaratory Judgment Order (Docket No. 157) releasing S&M Brands from all "further obligations" will be granted. Kelly and SEI's other requests will be denied.

**LEGAL STANDARD**

District courts have discretion to alter or amend judgments when a party raises a motion under Fed. R. Civ. P. 59(e). There are three recognized grounds for amending a judgment: (1) the accommodation of an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice. Sloas v. CSX Transp., Inc., 616 F.3d 380, 385, 385 n. 2 (4th Cir. 2010) (quotations omitted).

Rule 59(e) was designed to allow district courts to "correct [their] own errors." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). It is an "extraordinary remedy which should be used sparingly." Id. (citations and quotations omitted). Thus, Rule 59(e) motions may not be used to "raise arguments which could have been raised prior to the issuance of a judgment" or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. (citations omitted). Rule 59 was not designed to allow litigants to reargue claims or to allow them to, in light of the Court or jury's findings, tack on new arguments to mitigate the effect of the judgment.

**DISCUSSION**

**A. Further Obligations Language**

Kelly and SEI ask that the Court amend the Declaratory

2

Judgment Order (Docket No. 157) to specifically provide that S&M Brands only be released from the future obligation to sell additional escrow releases to Kelly and SEI rather than from "all further obligations." Mem. Supp. Motion to Alter 3-5. S&M Brands does not contest this request. Mem. Opp. Motion to Alter at 1-2. No different result was intended by the Declaratory Judgment Order than that requested by Kelly and SEI, and any other result would be manifestly unjust. Thus, the motion for amendment, in this respect, will be granted.

### B. Procedures for QSF-Tax Payment

Kelly and SEI ask that the Court specifically describe the steps that they should take in order to pay the Qualified Settlement Fund ("QSF")-taxes. Mem. Supp. Motion to Alter at 6-7. Kelly and SEI explain that § 1.468B-1(c)(1) of the Treasury Regulations requires qualified settlement funds to be established "pursuant to an order of, or [approval of], the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) of any of the foregoing." Id. at 6. The entity that issues this order or approval has "continuing jurisdiction" over the qualified settlement fund. Id. Kelly and SEI essentially ask the Court to issue "the order" establishing the QSF.

But, the Court made no error in not previously issuing such

3

an order.  Kelly and SEI admit that there are several possible ways in which the taxes could be paid by them.  The contract at issue left to them the decision respecting how to make payment.  How the taxes are paid is not the Court's concern.  The Court was asked to decide only: (1) which parties were responsible for the QSF-taxes under the contract; and (2) whether S&M Brands remained obliged to sell additional escrow releases.  See KELLY COMPLAINT at 16 (Docket No. 27); SEI COUNTERCLAIM at 13 (Docket No. 31).  The contract allocated the responsibility of paying the QSF-taxes to Kelly and SEI.  Therefore, Kelly and SEI must determine how to pay the taxes.  There is no basis for amending the judgment to do as Kelly and SEI request.

### C. $100,000 Extension Deposit

Kelly and SEI request that the Court order S&M Brands to return the $100,000 deposit that Kelly Escrow Fund V sent to S&M Brands with the misguided intent to secure an extension of Kelly Escrow Fund V's time to exercise its options under the contract between the parties.  Mem. Supp. Motion to Alter at 7.  S&M Brands attempted to return the deposit, but Kelly Escrow Fund V would not accept it.

Nowhere in their respective Answers to S&M Brands' Counterclaim did Kelly and SEI ask for the return of the deposit.  See KELLY ANSWER (Docket No. 28); SEI ANSWER (Docket No. 31).  Kelly now argues that "equity dictates" the return of

4

those funds, citing to Silver Air v. Aeronautic Dev. Corp. Ltd., 656 F. Supp. 170, 175 (S.D.N.Y. 1987) and Cline v. 12984423 Ontario Ltd., No. 03-6665, 2005 U.S. App. LEXIS 6650, at *5-6 (6th Cir. 2005). However, neither Silver Air nor Cline stand for the proposition that a Rule 59(e) motion can be used to grant relief that was previously not requested. In Silver Air, Rule 59(e) was not even at issue. The case involved cross-motions for summary judgment. In Cline, the Court ordered the return of a deposit made pursuant to Rule 59(e), but in doing so, the Court noted that the plaintiff had requested the deposit's return in the Complaint and that the jury's verdict was inconsistent. 2005 U.S. App. LEXIS 6650, at *3-6.

Here, Kelly and SEI had the opportunity to request the return of the deposit in their respective Answers to S&M Brands' Counterclaim. In those Answers, they asked for other relief, such as attorney's fees and costs. Thus, they knew that the place to ask for relief was in their Answers. In light of the Court's findings, they now seek to amend their Answers to add a request for the return of the deposit. A Rule 59(e) motion, however, is not the proper vehicle for making such post-trial amendments. Kelly and SEI do not argue that the Court made an "error of law" in not granting the relief. Nor could they since they never before asked for it. The Court is not at liberty to expand the allowable grounds for Rule 59(e) motions; the

precedent that would be set by granting Kelly and SEI's motion would undermine judicial economy and the finality of judgments. Kelly and SEI's request that the Court amend the judgment to order the return of the $100,000 deposit is denied.

## CONCLUSION

For the foregoing reasons, Kelly and SEI's MOTION TO ALTER JUDGMENT PURSUANT TO RULE 59(e) (Docket No. 160) will be granted in part and denied in part. Kelly and SEI's request that the language in the Declaratory Judgment Order releasing S&M Brands' from all "further obligations" be amended will be granted. Kelly and SEI's other requests will be denied.

It is so ORDERED.

                                /s/       REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 14, 2012